1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

JERRY W. ARMSTRONG,

No. 2:15-cv-0467-MCE-KJN PS

12

Plaintiff,

13

v.

ORDER AND

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT, et al.,

FINDINGS AND RECOMMENDATIONS

15

16

Defendants.

17

18    Plaintiff Jerry W. Armstrong, who proceeds in this action without counsel, has requested

19    leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Pursuant to 28

20    U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the

21    allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on

22    which relief may be granted, or seeks monetary relief against an immune defendant.

23    For the reasons discussed below, the court concludes that plaintiff's complaint fails to

24    state a claim on which relief may be granted.  Furthermore, because plaintiff's complaint is

25    frivolous and/or malicious, the court recommends that the action be dismissed with prejudice and

26    that the application to proceed *in forma pauperis* be denied.

27
_____

28
[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
§ 636(b)(1).

1

1    Liberally construed, plaintiff's complaint (ECF No. 1) alleges that the United States

2    District Court for the Eastern District of California, and more specifically certain judges (Judges

3    Craig Kellison, Lawrence Karlton, Garland Burrell, and John Mendez), violated plaintiff's civil

4    and constitutional rights by issuing various improper orders and rulings, failing to follow

5    applicable procedural law, and acting with bias and favoritism in several of plaintiff's previous

6    cases in this court.  Plaintiff also names "Kristy Pine," Judge Kellison's courtroom deputy clerk,

7    as a defendant, although the complaint contains no specific factual allegations regarding Ms.

8    Pine.  Plaintiff seeks "full restoration of his record (repellment) under a miscarriage of justice"

9    and $40,000,000.00 in damages, with punitive damages to be set by the court.

10    The judges named as defendants are absolutely immune from liability for damages.

11    "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their

12    courts...Judicial immunity applies however erroneous the act may have been, and however

13    injurious in its consequences it may have proved to the plaintiff."  Ashelman v. Pope, 793 F.2d

14    1072, 1075 (9th Cir. 1986).  A judge can lose his or her immunity when acting in clear absence

15    of jurisdiction, but one must distinguish acts taken in error or acts that are performed in excess of a

16    judge's authority (which remain absolutely immune) from those acts taken in clear absence of

17    jurisdiction.  Mireles v. Waco, 502 U.S. 9, 12-13 (1991) ("If judicial immunity means anything, it

18    means that a judge will not be deprived of immunity because the action he took was in error...or

19    was in excess of his authority.").  Thus, for example, in a case where a judge actually ordered the

20    seizure of an individual by means of excessive force, an act clearly in excess of his legal

21    authority, he remained immune because the order was given in his capacity as a judge and not

22    with the clear absence of jurisdiction.  Id.; see also Ashelman, 793 F.2d at 1075 ("A judge lacks

23    immunity where he acts in the clear absence of all jurisdiction...or performs an act that is not

24    judicial in nature.")

25    Here, as noted above, plaintiff alleges that the defendant judges issued various improper

26    orders and rulings, failed to follow applicable procedural law, and acted with bias and favoritism

27    in several of plaintiff's previous cases in this court.  Defendants' alleged actions were plainly

28    taken in their capacity as judges, and not in the clear absence of all jurisdiction.  Even assuming,

2

1   *arguendo*, that the judges' actions were erroneous and harmful to plaintiff, plaintiff's remedy is

2   an appeal to the Ninth Circuit Court of Appeals – not a civil action for damages against the

3   judges.

4       Furthermore, Kristy Pine has absolute quasi-judicial immunity from liability for damages.

5   "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations

6   when they perform tasks that are an integral part of the judicial process."  Mullis v. U.S.

7   Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987).  Liberally

8   construed, plaintiff's complaint appears to suggest that certain unnamed clerks – presumably

9   referring to Ms. Pine—took some erroneous procedural steps in plaintiff's cases, refused to

10   provide him with court records, and generally conspired with the judge defendants to deny

11   plaintiff's constitutional rights.  Plaintiff's allegations of a conspiracy are entirely conclusory and

12   frivolous, and the remaining alleged actions by Ms. Pine, however allegedly erroneous they may

13   have been, were all tasks performed as integral parts of the judicial process and not in clear

14   absence of all jurisdiction.

15       Additionally, to the extent that plaintiff, by virtue of his claim for "full restoration of his

16   record" seeks some type of injunctive or declaratory relief, defendants are also immune from such

17   relief.  See Mullis, 828 F.2d at 1394 ("We hold that when a person who is alleged to have caused

18   a deprivation of constitutional rights while acting under color of federal law can successfully

19   assert judicial or quasi-judicial immunity from damages, that immunity also will bar declaratory

20   and injunctive relief.").  Moreover, even if such immunity did not apply, plaintiff's claim for "full

21   restoration of his record" would nonetheless fail as an improper attempt to appeal his prior cases

22   by virtue of this new civil action in district court.

23       Because all defendants are immune from liability for the reasons discussed above, the

24   court concludes that plaintiff is unable to cure his claims by additional factual allegations or

25   improved pleading.  As such, granting leave to amend would be futile.

26       Also, the court notes that in each of the prior cases from this court specifically mentioned

27   in plaintiff's complaint, plaintiff did appeal to the Ninth Circuit Court of Appeals, which either

28   affirmed the district court's judgment or dismissed plaintiff's appeal.  See Armstrong v. Siskiyou

1  County, 2:07-cv-1046-GEB-GGH, ECF No. 109 (affirming judgment); Armstrong v. Siskiyou

2  County, 2:09-cv-290-JAM-CMK, ECF No. 15 (finding that "the questions raised in this appeal

3  are so insubstantial as not to require further argument" and summarily affirming the district

4  court's judgment); Armstrong v. Gerald Benito, 2:09-cv-2912-LKK-CMK, ECF No. 25 (finding

5  that "the questions raised in this appeal are so insubstantial as not to require further argument"

6  and summarily affirming the district court's judgment) & 37 (dismissing plaintiff's second appeal

7  in case); and Armstrong v. Redding Parole Department, 2:11-cv-1576-GEB-CMK, ECF No. 23

8  (appeal dismissed for failure to prosecute).  A review of the dockets in these cases confirms the

9  court's suspicion that the instant action is frivolous and/or malicious.  As such, the court also

10  recommends that plaintiff's request to proceed *in forma pauperis* be denied.

11      Plaintiff is hereby cautioned that if he continues to file frivolous and meritless lawsuits in

12  this district, he may be declared a vexatious litigant, and his ability to file actions in this district

13  may be significantly curtailed.

14      Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

15      1.  Plaintiff's request to proceed *in forma pauperis* (ECF No. 2) be denied.

16      2.  The action be dismissed with prejudice.

17      3.  The Clerk of Court be directed to close this case.

18      In light of the foregoing, IT IS ALSO HEREBY ORDERED that all motion

19  practice in this action is stayed pending resolution of these findings and recommendations by the

20  district judge.  With the exception of objections to the findings and recommendations and non-

21  frivolous motions for emergency relief, the court will not entertain or respond to any motions or

22  filings until the findings and recommendations are resolved.

23      These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

25  days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

28  shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  March 9, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5